SUMMARY ORDER
Houda Chawki appeals from the district court’s October 17, 2007 judgment granting the New York City Board of Education’s motion for summary judgment dismissing her Title VII action alleging retaliation. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Chawki argues that she was discharged from her position as a high-school math teacher in retaliation for engaging in protected activity by submitting an affidavit accusing her supervisor, Rosalie David, of discrimination against another teacher. The district court concluded that Chawki had established a prima facie case of retaliation under Title VII, but that her administrative termination, allegedly for cause, provided a legitimate, nondiscriminatory reason for her discharge. Chawki, however, failed to carry her ultimate burden of presenting evidence from which a jury could conclude that retaliation for her affidavit against David was a substantial or motivating factor behind her termination. See Raniola v. Bratton, 243 F.3d 610, 625 (2d Cir.2001).
Chawki argues that circumstantial evidence supports her claim that retaliation was a reason for her 2004 discharge, because her first “unsatisfactory” review, after five years of “satisfactory” evaluations, was in 1999, just three weeks after she submitted the affidavit against David. To be sure, “[a] plaintiff may establish causation indirectly by showing [her protected activity] was closely followed in time by the adverse employment decision.” Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed., 444 F.3d 158, 168 (2d Cir.2006). But as the district court concluded, Chawki conceded at her deposition that David had been critical of her performance prior to 1999, and had given her unsatisfactory evaluations in 1993 and 1994, when Chawki was a new teacher, in an “attempt[ ] to get rid of a teacher ... she *662 didn’t select herself.” Chawki “absolutely” agreed that David would have given her unsatisfactory rankings after 1994, but for the intervention of a new principal. David’s unfavorable evaluation of Chawki followed that principal’s retirement. In light of this concession, we agree with the district court that a reasonably jury could not conclude, from timing alone, that Chawki’s termination was based on retaliation for her 1999 involvement in a discrimination case against David.
Chawki also argues that she suffered incidents of mistreatment related to teaching assignments, observation of her class, and complaints regarding her performance, but, as the district court concluded, she offers no evidence that any alleged event was in retaliation for her protected activity.
Chawki also argues that the district court impermissibly relied on the Board of Education’s administrative determinations and drew impermissible inferences in favor of the Board of Education in concluding that she had consistently received certain negative criticisms providing a legitimate nondiscriminatory reason for her discharge. The district court did not defer to the Board of Education’s determination, but rather, independently concluded that defendant’s claim is supported by the record evidence, which indicates that Chawki’s teaching performance was criticized by students and supervisors other than David. Chawki asserts that these supervisors were biased, and some of the criticisms false, but she offers no evidence that the proffered reasons for her termination were so unfounded that a reasonable jury could conclude they “were not the defendant’s true reasons, but rather a pretext for [retaliation].” Taitt v. Chem. Bank, 849 F.2d 775, 777 (2d Cir.1988).
We have considered Chawki’s other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.